IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MELINDA KARPINSKI,

    Plaintiff,

v.                                               Civil Action No. 5:11CV66
                                                           (STAMP)
MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

The plaintiff, Melinda Karpinski, protectively filed claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI, respectively, of the Social Security Act. In her application, the plaintiff alleges disability beginning March 14, 2006. The Social Security Administration denied both of the plaintiff's claims initially and upon reconsideration. The plaintiff then requested a hearing, and a hearing was held on May 6, 2009 before an administrative law judge ("ALJ"). The plaintiff, as well as a vocational expert ("VE"), appeared and testified at the hearing. On June 19, 2009, the ALJ issued a decision finding that the plaintiff was not disabled within the meaning of the Social Security Act. The Appeals Council denied the plaintiff's request for review, rendering the ALJ's decision final. The plaintiff filed this complaint against the

Commissioner of Social Security to obtain judicial review of the final decision denying her applications for SSI and DIB.

The case was referred to United States Magistrate Judge David J. Joel for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Both the plaintiff and the defendant filed motions for summary judgment. On November 14, 2011, the magistrate judge issued a report and recommendation recommending that the plaintiff's motion for summary judgment be denied, that the defendant's motion for summary judgment be granted, and that the decision of the Commissioner be affirmed. Upon submitting his report, Magistrate Judge Joel informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within fourteen days after being served with a copy of the report. Neither party filed objections.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 458 F. Supp. 825 (E.D. Cal. 1979). In this case, no party filed

objections to the report and recommendation, thus, the plaintiff waived her right to appeal from a judgment of this Court based thereon.  Thomas v. Arn, 474 U.S. 140, 148-53 (1985). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

### III. Discussion

In her motion for summary judgment, the plaintiff alleges that the ALJ erred by: (1) failing to find that she met Listing 1.04(A) of disability for spinal impairment; and (2) failing to honor the functional limitations of her treating physician, John Schultz, M.D.  The plaintiff also argues that she should be found disabled because of pain alone, which she alleges severely affects her daily life.

In his motion for summary judgment, the defendant argues that substantial evidence supports the ALJ's finding that the plaintiff's limitations do not disable her from all work in the national economy. Specifically, the defendant asserts: (1) because the plaintiff does not experience atrophy and the neurological findings of her treating physician were normal, the ALJ did not err in finding that she did not meet Listing 1.04(A); (2) the ALJ complied with the regulations in exercising her discretion and rejecting Dr. Schultz's disability opinion; and (3) the ALJ complied with the regulations in finding the plaintiff not fully credible.

In his report and recommendation, the magistrate judge first discusses the disability standard under the Social Security Act and the five-step evaluation process used by the Social Security Administration to determine if a claimant is disabled. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. §§ 404.1520; 416.920. The magistrate judge then reviewed each of the ALJ's findings, concluding: (1) the ALJ correctly determined that the plaintiff does not meet Listing 1.04(A) for a spinal impairment; (2) the ALJ assigned proper weight to Dr. Shultz's opinion; and (3) the ALJ properly evaluated the plaintiff's credibility and rejected her subjective complaints of pain.

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

With regard to the ALJ's determination that the plaintiff does not meet Listing 1.04(A) for a spinal impairment, this Court agrees

4

with the magistrate judge and finds that substantial evidence supports both the ALJ's rejection of Dr. Korzi's opinion, as well as the weight assigned to Dr. Sella's opinion.  In this case, Dr. Korzi's opinion is not an "acceptable medical source" because it is the assessment of a chiropractor.  See 20 C.F.R. §§ 404.1513(d)(1), 416.913(d)(1); see also Lee v. Sullivan, 945 F.2d 687, 691 (4th Cir. 1991) ("At best, [a chiropractor's] assessment can qualify only as a layman's opinion.").  Moreover, Dr. Korzi's opinion is inconsistent with other substantial medical evidence in the record, particularly Dr. Shultz's treatment notes.  Therefore, this Court agrees that the ALJ properly rejected Dr. Korzi's opinion.  Although Dr. Sella's opinion is an "acceptable medical source," like Dr. Korzi's opinion, it is inconsistent with other substantial medical evidence, including Dr. Shultz's treatment notes.  Thus, this Court finds no clear error in the magistrate judge's determination that the ALJ assigned proper weight to Dr. Sella's opinion.

Next, the magistrate judge turns to the ALJ's assessment of the plaintiff's treating physician's opinion, concluding that the ALJ assigned proper weight to Dr. Shultz's opinion because his functional capacity evaluation is inconsistent with other substantial evidence in the record.  According to the magistrate judge, Dr. Shultz's findings regarding the plaintiff's physical limitations are not supported by his treatment notes.  Further, the

5

magistrate judge finds that Dr. Schultz's functional capacity evaluation is inconsistent with the assessments performed on the plaintiff by doctors from the state agency. Given these contradictions, this Court finds no clear error in the magistrate judge's determination that the ALJ properly rejected Dr. Schultz's opinion.

Finally, the magistrate judge discusses the ALJ's credibility determination, finding that it is supported by substantial evidence. The magistrate judge notes that the ALJ cites to evidence from the plaintiff's own testimony, as well as objective findings from the record, that contradict the plaintiff's descriptions of her symptoms, pain, and impairments. After reviewing the two-step process for determining whether a person is disabled by pain or other symptoms, this Court agrees that because medical and non-medical evidence is inconsistent with the plaintiff's subjective complaints, the ALJ properly found that the plaintiff exaggerated the nature and extent of her impairments and that her complaints are not fully credible. See Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996) ("First, there must be objective medical evidence showing the existence of a medical impairment . . . which could reasonably be expected to produce the pain or other symptoms alleged . . . . It is only after a claimant has met her threshold obligation . . . that the intensity and persistence of the claimant's pain, and the extent to which it affects her

ability to work, must be evaluated."). Further, there is nothing in the record to suggest that the ALJ's credibility determination is patently wrong. See Kenney v. Astrue, No. 5:11CV29, 2011 WL 4346306 (N.D. W. Va. Aug. 26, 2011) ("We will reverse an ALJ's credibility determination only if the claimant can show it was patently wrong.") (internal quotations omitted).

This Court has reviewed the record, as well as the parties' motions for summary judgment, and for the reasons set forth in the report and recommendation, concurs with the magistrate judge that the Commissioner's decision denying the plaintiff's application for SSI and DIB is supported by substantial evidence. Accordingly, the magistrate judge's report and recommendation is affirmed and adopted.

## IV. Conclusion

For the reasons set forth above, this Court finds that the magistrate judge's recommendation is not clearly erroneous and hereby AFFIRMS and ADOPTS the report and recommendation of the magistrate judge. Accordingly, the plaintiff's motion for summary judgment is DENIED and the defendant's motion for summary judgment is GRANTED. It is further ORDERED that this case be DISMISSED with PREJUDICE and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal

Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: January 3, 2012

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE